Elizabeth J. Cabraser (State Bar No. 083151)
David L. Fiol (State Bar No. 203546)
Enrique Martinez (State Bar No. 206884)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Telefax:  (415) 956-1008

Richard E. Brown (State Bar No. 104253)
Post Office Box 1420
Alamo, California  94507
Telephone: (925) 295-0700
Telefax: (925) 952-4339

John J. Kozlowski (State Bar No. 146169)
50 Santa Rosa Avenue, Suite 520
Santa Rosa, CA   95404
Telephone:  (707) 525-1180
Telefax:  (707) 525-1181

Attorneys for all Plaintiffs
(see signature page for full listing)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA AKESON, ALBERTO CAZARES, REINALDO CAZARES, NATALIE MADRIZ, MARTINA RODRIGUEZ, ROSELIA URENA and TERESA VILLA, on behalf of themselves and all others similarly situated,<br><br>Class Representative Plaintiffs, and<br><br>NATALIE MADRIZ and ROSELIA URENA, on behalf of themselves,<br><br>Individual Plaintiffs,<br><br>v.<br><br>TRANSPORTES AEROS EJECUTIVOS, S.A. de CV, otherwise known as TAESA AIRLINES,<br><br>Defendant. | **Civil Action No.**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

COMPLAINT

Plaintiffs, on their own behalf and on behalf of all other persons similarly situated, by their undersigned attorneys, allege as follows:

## SUMMARY OF THE ACTION

1. This action arises out of the events that occurred during and after the course of a commercial passenger flight operated on May 19, 1999 by Defendant TRANSPORTES AEROS EJECUTIVOS, S.A. de C.V., otherwise known as TAESA. The flight in question was designated as Flight 688. The "Class Representative Plaintiffs" as enumerated in the caption of this pleading bring this action as a class action for physical injuries suffered by all passengers on Flight 688. In addition, the "Individual Plaintiffs" named in the caption, who were wrongfully and vengefully detained on the ground in Oakland after the termination of the flight, bring this action for themselves, to recover compensatory and punitive damages under state law for their false arrest, and for intentional infliction of emotional distress.

## THE PARTIES

2. Plaintiffs CRISTINA AKESON, ALBERTO CAZARES, REINALDO CAZARES, NATALIE MADRIZ, MARTINA RODRIGUEZ, ROSELIA URENA, and TERESA VILLA are residents of the United States and the State of California who were fare-paying passengers on Flight 688 on May 19, 1999.

3. On and prior to May 19, 1999, the Defendant was a common carrier in the business of transporting passengers for hire and was issued a Foreign Air Carrier permit by the United States of America. The Defendant was and is a foreign corporation organized and existing under the laws of Mexico, that maintained its principal place of business in Mexico and was, during relevant time periods, regularly engaged in business in California. On and prior to May 19, 1999, it operated regularly scheduled flights and performed aircraft maintenance at Oakland International Airport.

4. The Defendant has been declared bankrupt by Mexican authorities, and its estate is being managed by the Banco Nacional de Obras y Servicios Publicos S.N.C.. However, defendant was required to maintain liability insurance covering Flight 688 by 49 U.S.C. § 401 and 14 C.F.R. Part 205, and all or part of any liability that may arise out of this action will require indemnification of the bankruptcy estate by insurers including various Lloyds persons and entities. In

order to expedite the progress of this litigation, Plaintiffs intend to limit their claims to available insurance.

## JURISDICTION

5. Jurisdiction is founded on the federal question statute, 28 U.S.C. § 1331, and the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, 49 U.S.C. § 40105, note (hereinafter referred to as "Warsaw Convention"). Under Article 28 of the Warsaw Convention, the United States District Courts have subject matter jurisdiction over the claims of international air passengers where, among other grounds, their ultimate destination was the United States, or they purchased their tickets in the United States. All of the Class Representative Plaintiffs and most of the Plaintiffs in the Class may bring claims in the United States pursuant to those two enumerated grounds.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims of Class members who did not purchase their tickets in the United States or have tickets listing the United States as the ultimate destination, in that those claims arise out of the same case or controversy over which this Court has jurisdiction under the Warsaw Convention.

7. This Court has subject matter jurisdiction over the state law claims of the Individual Plaintiffs under 28 U.S.C. § 1332, in that each of the Individual Plaintiffs is a resident of the State of California, the Defendant is a corporation domiciled in Mexico, and the matter in controversy as to each of the Individual Plaintiffs exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the state law claims of the Individual Plaintiffs, in that those claims arise out of the same case or controversy over which this Court has jurisdiction under the Warsaw Convention.

9. Venue in this District is proper under 28 U.S.C. § 1391, in that during the relevant time period the Defendant did business from offices in Oakland, California and regularly conducted flights to and from Oakland, a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

10. A substantial part of the events or omissions which give rise to the claims herein occurred in Alameda County and pursuant to Local Rule 3-2(d), this action may be assigned to the San Francisco Division. Because a closely related action is currently pending in the San Francisco Division, No. C 00-0095, Senior Judge Thelton E. Henderson, presiding, assignment to the San Francisco Division is appropriate.

## CLASS ACTION ALLEGATIONS

11. The Class Representative Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> **All 'passengers,' as that term is defined by the Warsaw Convention, on board TAESA Flight 688 of May 19, 1999. Excluded are the Defendant, its employees, and members of those employees' families.**

12. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to the Plaintiffs at this time and can only be ascertained through appropriate discovery, the Plaintiffs believe there are in excess of a hundred members of the Class, and Plaintiffs know the identities of at least 60 persons who were passengers on Flight 688 and who have expressed an interest in seeing this litigation proceed.

13. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a. whether the air circulation and conditioning system on the aircraft, or some related system, failed;

   b. whether the Defendant took all necessary measures to avoid the harm suffered by the Plaintiffs, and whether it was impossible for it to take such measures;

   c. whether an accident occurred during the course of Flight 688 as that term is defined by the Warsaw Convention and interpretive caselaw;

   d. whether the Defendant, by its agents, engaged in wilful misconduct as that term is defined by the Warsaw Convention and interpretive caselaw;

   e. whether the Defendant is liable for Plaintiffs' injuries;

   f. whether, as a result of any accident during the course of Flight 688, the

class members suffered compensable damages under the Warsaw Convention and interpretive caselaw;

   g. whether the Defendant's monetary liability is limited to a certain amount or not, by and under the terms of the Warsaw Convention and associated governmental and carrier agreements; and

   h. what are the proper elements and measures of damages.

14. A common question of law with respect to a subclass of individuals also exists and further supports class certification: namely, whether this Court has ancillary jurisdiction under 28 U.S.C. § 1367, over the claims of passengers who did not purchase their tickets in the United States, whose tickets listed an ultimate destination in some jurisdiction other than the United States, and whose claims do not otherwise support jurisdiction in the United States under Article 28 of the Warsaw Convention, where those claims arise out of a case or controversy that is properly brought before this Court by other Plaintiffs.

15. The Class Representative Plaintiffs' claims are typical of the claims of the members of the Class, as all sustained damages arising out of Defendants' wrongful conduct as complained of herein.

16. The Class Representative Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class actions and aviation litigation. The Class Representative Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation, especially in a complex case such as this one, make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**GENERAL ALLEGATIONS**

18. On May 19, 1999, all Plaintiffs and class members were fare-paying passengers aboard TAESA Flight 688, which originated in Zacatecas, Mexico, and stopped at Guadalajara, Mexico before proceeding to Oakland International Airport in Oakland, California.

19. The Boeing 737 aircraft utilized by Defendant for Flight 688 was unfit for legal or safe passenger air carriage, in that the air circulation and conditioning system or some necessary supporting system was malfunctioning during most if not all of the trip.

20. Nevertheless, employees and agents of the Defendant chose to proceed with the flight utilizing the above-referenced aircraft.

21. The outdoor temperature in Zacatecas at the time of boarding and departure was approximately 90 degrees Fahrenheit. Because the air circulation and conditioning system or some necessary supporting system was malfunctioning, the temperature in the passenger cabin of the aircraft became physically unbearable and dangerous, and the effects of this heat were compounded by rising humidity and insufficient oxygen levels.

22. Conditions became even worse when the aircraft landed in Guadalajara and additional passengers boarded. The aircraft was then occupied by approximately 110 passengers, in addition to the crew. The aircraft stood on the ground at the Guadalajara Airport, away from the terminal, for almost two hours, with the doors closed and passengers subjected to grossly inhumane and physically harmful conditions, while the cabin and flight crew took refuge in the cockpit, where side windows allowed air to flow naturally.

23. As a direct result of the malfunctioning of the air circulation and conditioning system or some necessary supporting system, and the deliberate indifference of the defendant's agents to the plaintiffs' health and well being, the Plaintiffs suffered hyperthermia, hypoxia, hyperventilation, respiratory distress, shortness of breath, diaphoresis, blood pressure abnormalities, nausea, loss of muscle control, loss of consciousness, heat challenge, prostration, mental challenge, headaches, dizziness, severe emotional distress, anxiety and panic, fear of future airline travel, and continuing nightmares of suffocation.

24. Even after the aircraft departed from Guadalajara and reached cruising

altitudes, the air circulation and conditioning system was not functioning properly and did not restore the passenger cabin to habitable conditions.  The cabin remained dangerously hot, and many of the passengers were suffering from respiratory and metabolic shock.

25. Throughout this course of events, several passengers alerted the cabin crew about the dangerous situation and sought assistance, but the crew responded with threats and insults.

26. Upon the aircraft's arrival at the Oakland Airport, motivated by annoyance and a desire for retribution against passengers who they believed to have been agitators, a member or members of the crew falsely accused the Individual Plaintiffs of criminal misconduct, and police or other governmental officials took those Individual Plaintiffs into custody and confiscated their property, including videotapes taken of the cabin during the flight.  One of the Individual Plaintiffs was detained for several hours; two were detained overnight in a holding cell.

27. Ultimately, no criminal charges were filed against any of the passengers on the aircraft for any conduct during the court of Flight 688.

**FIRST CAUSE OF ACTION ON BEHALF OF THE
PLAINTIFFS AND THE CLASS UNDER THE WARSAW CONVENTION**

28. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. At all times relevant herein, the subject aircraft was under the operation, control, direction and instruction of Defendant, its officers, agents, servants and/or employees.

30. Since TAESA  Flight 688 was an international flight with a stopping point in the United States, the terms of the Warsaw Convention apply.

31. The failure of the air circulation and conditioning system or some necessary supporting system constituted an accident or unexpected unusual event external to passengers on the aircraft under the applicable provisions of the Warsaw Convention.

32. Under the Warsaw Convention, together with the International Air Transport Association Intercarrier Agreement on Passenger Liability which Defendant signed and listed in its tariffs prior to and on May 19, 1999, Defendant is liable to pay full, fair, and reasonable personal injury damages to the Plaintiffs and class members for the physical injuries they suffered, because Defendant cannot meet its burden of proving it took all necessary measures to avoid the subject

1  incident or that it was impossible for it to take such measures.

2  33. Alternatively, Defendant is liable to pay full, fair and reasonable personal injury damages to the Plaintiffs and class members for the injuries they suffered, under Article 25 of the Warsaw Convention, in that Plaintiffs' injuries were caused by the wilful misconduct of the Defendant, by and through its officers, agents and employees, in failing to properly maintain and service the aircraft, in failing to restore the aircraft to an airworthy condition when the failure of the air circulation and conditioning system or some necessary supporting system was detected, and in continuing to fly the aircraft despite knowledge that the air circulation and conditioning system or some necessary supporting system was not functioning properly, thereby subjecting the passengers to the risk of severe bodily injury or even death due to high temperatures.

34. As a result of the foregoing, the Plaintiffs and class members are entitled to recover damages for personal injury, physical pain and suffering, and other damages, and Defendant is liable to the Plaintiffs for compensatory damages in the sum of $10,000,000.

**SECOND CAUSE OF ACTION ON BEHALF OF**
**THE INDIVIDUAL PLAINTIFFS FOR FALSE IMPRISONMENT**

35. The Individual Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

36. Defendants and/or their agents and employees acting under their authority, willfully caused the false arrest, detainment and imprisonment of the Individual Plaintiffs upon the landing of the aircraft at Oakland Airport for no good or just cause, no law having been broken by those Plaintiffs.

37. These false arrests, imprisonments, detainments, and harassment by and at the behest of Defendant caused the Individual Plaintiffs to suffer personal injury, physical pain and suffering, severe emotional distress, trauma and anxiety, post traumatic stress syndrome, wage loss, and ongoing residual affects.

38. As a result of the foregoing, Defendant is liable to the Individual Plaintiffs for compensatory and punitive damages in the sum of $5,000,000.

### THIRD CAUSE OF ACTION ON BEHALF OF THE INDIVIDUAL PLAINTIFFS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The Individual Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

40. The conduct of the Defendant in causing the detention of the Individual Plaintiffs was intentional, outrageous, willful, wanton, oppressive and so outrageous as to have exceeded the bounds of human decency, in that Defendant fully intended the result achieved, while knowing that the Individual Plaintiffs had committed no wrongs.

41. Said conduct of the Defendant was not authorized or protected by any privilege or other right.

42. The conduct of Defendant proximately caused the Individual Plaintiffs to be wrongfully imprisoned and to suffer several emotional distress, nightmares and anxiety.

43. As a result of the foregoing, the Defendant is liable to the Individual Plaintiffs for compensatory and punitive damages in the sum of $5,000,000.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for judgment as follows:

A. Declaring this action to be a proper class action and certifying the Class Representative Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages as set forth in the First Cause of Action in favor of the Class Representative Plaintiffs and all class members against Defendant for the damages sustained as a result of the accident on board Flight 688, together with interest thereon;

C. Awarding compensatory and punitive damages as set forth in the Second and Third Causes of Action in favor of the Individual Plaintiffs against Defendant for the damages sustained as a result of the actions taken by Defendant after the conclusion of Flight 688, together with interest thereon;

D. Awarding all Plaintiffs the fees and expenses incurred in this action, including reasonable allowance of fees for Plaintiffs' attorneys and experts; and

E. Granting such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial of all issues so triable.

Date: April 3, 2001

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:_____

Elizabeth Cabraser
David L. Fiol
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000

Richard E. Brown
Post Office Box 1420
Alamo, California 94507
Telephone: (925) 295-0700

John J. Kozlowski
50 Santa Rosa Avenue, Suite 520
Santa Rosa, CA 95404
Telephone: (707) 525-1180

Counsel for Plaintiffs Cristina Akeson, Alberto Cazares, Reinaldo Cazares, Natalie Madriz, Martina Rodriguez, Roselia Urena and Teresa Villa